IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No. 3:16CR41–HEH |
| | ) | |
| MAURICE KEARSE, | ) | |
| | ) | |

## MEMORANDUM OPINION
(Denying Motion to Reduce Sentence)

Maurice Kearse filed this motion seeking a lesser sentence based on his post-sentencing rehabilitation. Once a defendant is sentenced, the Court has no inherent authority to reconsider the defendant's sentence. *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) (quoting *United States v. Cunningham*, 554 F.3d 703, 708 (7th Cir. 2009)). To the extent Kearse wishes to file a motion for a reduction in sentence under 18 U.S.C. § 3582, he may not raise challenges to his original sentence in such a motion. *See United States v. Dawkins*, 535 F. App'x 307, 308 (4th Cir. 2013) (explaining that challenges to an original conviction and sentence "are not cognizable in a § 3582 proceeding" (citing *United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011))). Motions made by defendants under 18 U.S.C. § 3582 may only raise issues related to retroactive amendments to the United States Sentencing Guidelines. *See* 18 U.S.C. § 3582(c)(2); *United States v. Mann*, 435 F. App'x 254, 255 (4th Cir. 2011). Although Kearse mentions 18 U.S.C. § 3582 in his Motion to Reduce Sentence, he fails to identify any retroactive amendment to the United States Sentencing Guidelines. Additionally, Kearse fails to identify a procedural vehicle that would permit the Court at this juncture

to reduce his sentence based on his post-sentencing rehabilitation. Accordingly, the Motion to Reduce Sentence (ECF No. 32) will be DENIED.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: March 17, 2020
Richmond, Virginia